NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| JULIE ANN JUELFS, ) | |
| ) | Supreme Court No. S-15471 |
| Appellant, ) | |
| ) | Superior Court No. 4FA-13-02488 CI |
| v. ) | |
| ) | MEMORANDUM OPINION |
| STATE OF ALASKA, DEPARTMENT ) | AND JUDGMENT* |
| OF HEALTH & SOCIAL SERVICES, ) | |
| ) | No. 1583 – May 18, 2016 |
| Appellee. ) | |
| ) | |

Appeal from the Superior Court of the State of Alaska, Fourth Judicial District, Fairbanks, Bethany Harbison, Judge.

Appearances: Julie Ann Juelfs, pro se, Moose Creek, Appellant. Kathryn R. Vogel, Assistant Attorney General, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for Appellee.

Before: Stowers, Chief Justice, Fabe, Winfree, Maassen, and Bolger, Justices.

1.      This appeal arises from the superior court's dismissal of Julie Ann Juelfs's pro se appeal from the Division of Public Assistance's interim assistance benefits denial.[1] The superior court first dismissed the appeal because it was untimely and

---

*      Entered under Alaska Appellate Rule 214.

[1]      The federal Supplemental Security Income (SSI) program entitles certain
(continued...)

because Juelfs had not provided the court a copy of the agency decision(s) underlying the appeal.

2.    In an earlier order, attached as Appendix I, we (1) rejected the dismissal ground that Juelfs had failed to provide a copy of the agency decision, because the agency had supplied a copy of its decision, and (2) remanded for express consideration of Juelfs's timely filed motion for leave to late-file her appeal.

3.    On remand the superior court held an evidentiary hearing and issued an order, attached as Appendix II, denying Juelfs's motion to late-file her appeal and setting out the factual basis underlying that discretionary ruling.

4.    Juelfs now continues her appeal. Having reviewed the evidentiary hearing record, we first conclude that the superior court's factual findings about Juelfs's unreasonable delay in bringing her appeal and about the agency's prejudice arising from Juelfs's delay are not clearly erroneous. We next conclude that the superior court did not abuse its discretion by declining to accept Juelfs's late-filed appeal and dismissing it as untimely.

5.    We therefore AFFIRM the superior court's dismissal of Juelfs's appeal as untimely.

---

[1]    (...continued)
disabled people to benefits, ensuring them a minimum standard of living. *See* 42 U.S.C. § 1381 (2012); 20 C.F.R. § 416.110 (2014); *see generally* 42 U.S.C. §§ 1381-1383f (2012 & Supp. I 2014) (SSI program). The State of Alaska offers interim assistance benefits to certain eligible SSI applicants who additionally apply for interim assistance while their SSI applications are pending. *See* AS 47.25.455; 7 Alaska Administrative Code (AAC) 40.040 (2015). The interim assistance program is administered by the Alaska Department of Health and Social Services through its Division of Public Assistance. *See* AS 47.25.455 & .615; 7 AAC 40.900.

IN THE SUPREME COURT OF THE STATE OF ALASKA

JULIE ANN JUELFS, )
)  Supreme Court No. S-15471
        Appellant, )
)
    v. )
)  **ORDER**
STATE OF ALASKA, DEPARTMENT )
OF HEALTH & SOCIAL SERVICES, )  August 17, 2015
)
        Appellee. )
)

Superior Court No. 4FA-13-02488 CI

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

**IT IS ORDERED**:

1.    This appeal arises from the superior court's dismissal of Julie Ann Juelfs's pro se appeal from the Division of Public Assistance's interim assistance benefits denial.[1] The superior court dismissed the appeal because it was untimely and because Juelfs had not provided the court a copy of the agency decision(s) underlying the appeal.

---

[1]    The federal Supplemental Security Income (SSI) program entitles certain disabled people — among others — to benefits, ensuring they are able to maintain a minimum standard of living. *See* 42 U.S.C. § 1381 (2012); 20 C.F.R. § 416.110 (2014); *see generally* 42 U.S.C. §§ 1381-1383f (2012 & Supp. I 2014) (SSI program). The State of Alaska offers interim assistance benefits to certain eligible SSI applicants who additionally apply for interim assistance, while their SSI applications are pending. *See* AS 47.25.455; 7 Alaska Administrative Code (AAC) 40.040 (2015). The interim assistance program is administered by the State's Department of Health and Social Services through its Division of Public Assistance. *See* AS 47.25.455, -.615; 7 AAC 40.900.

2. Juelfs did not attach an agency decision to her notice of appeal. But it seems clear from her initial filings and later statements to the superior court that she was appealing the Division's denial of her June 2012 request for interim assistance from July 2012 forward. Although three agency decisions potentially were relevant to Juelfs's appeal, only one is relevant to Juelfs's June 2012 request for interim assistance benefits beginning July 2012, and the Division submitted a copy of that decision to the superior court very early in the case.

3. The first agency decision was a hearing officer's denial, after a hearing and on the merits, of Juelfs's agency-level appeal of the Division's termination of interim assistance benefits she had previously been granted.[2] That decision was distributed to Juelfs in late May 2012 with a notice that she could appeal the decision to the Division's Director within 15 days. Juelfs filed a new interim assistance application in June, and also appealed the first agency decision to the Director; her appeal apparently was denied in July, but that denial — and any further appeal rights notice it contained — is not in the record.

4. The second agency decision was a hearing officer's dismissal, after a hearing, of Juelfs's next agency-level appeal as lacking a hearable issue because: (1) when the appeal was filed the Division had not yet decided whether to grant her June interim assistance application, and (2) the first agency decision could not be appealed again at the agency level. That decision was adopted by the Division in late September

---

[2] Juelfs applied for and began receiving interim assistance in 2004. In October 2011 the Division discovered that Juelfs's federal SSI application had been denied at the final agency appeal level and terminated Juelfs's interim assistance. Juelfs appealed the interim assistance termination and was granted continuing interim assistance while the appeal was pending.

and distributed to Juelfs with a notice that she could appeal the decision to the superior court within 30 days.

5. Meanwhile the Division denied Juelfs's June interim assistance application, and in September she requested another hearing. A hearing was set for early October, but Juelfs did not participate. After a show cause order was issued by the hearing officer and Juelfs did not respond appropriately, the hearing officer's decision to dismiss the matter was adopted by the Division in mid-November. A week later this third agency decision was distributed to Juelfs with a notice that she could appeal it to the superior court within 30 days.

6. In August 2013 Juelfs filed her appeal in the superior court, along with a request that her late appeal be accepted because she had been attempting to resolve her dispute directly with the Division since July 2012. Consistent with Juelfs's request that the court accept her late-filed appeal, in the record is a late June 2013 letter from the Division to Juelfs discussing her continuing request for interim assistance from July 2012 forward and reiterating the Division's view that she was not eligible for that assistance. And at a September 2013 superior court status hearing, when Juelfs's request to accept her late appeal still was pending, Juelfs advised the court she had attempted to file her appeal in February and July 2013 but both filings had been rejected by the court.

7. Without addressing Juelfs's request for acceptance of her late appeal or the reasons Juelfs presented in support of that request, the superior court dismissed her appeal as untimely. As an additional basis for the dismissal the court referenced Juelfs's failure to provide the court with a copy of the agency decision(s) under appeal.[3]

---

[3] The court also stated: "[T]he essence of her appeal, that she should receive SSI benefits, is beyond the jurisdiction of the state court. True, the state has some jurisdiction over the Interim Assistance, but that issue is not properly before the court."

(continued...)

8.     In light of Juelfs's pro se status and the fact that the Division itself had submitted the relevant agency decision to the court, we conclude that the latter reason for dismissal cannot stand.  We remand to the superior court for express consideration of Juelfs's initial request for acceptance of her late appeal of the Division's November 2012 decision, of the reasons expressed for that request, and of any prejudice to the Division that might arise from acceptance of Juelfs's late-filed appeal.[4]

9.     If the superior court decides that Juelfs's late-filed appeal should be allowed to proceed, jurisdiction shall automatically be returned to the superior court. We otherwise retain jurisdiction.

Entered at the direction of the court.

Clerk of the Appellate Courts

/s/
Marilyn May

Justices Maassen and Bolger dissent; they would affirm the superior court's dismissal of Juelfs's appeal as untimely.

---

[3]     (...continued)
The import of this sentence is unclear.  It certainly may be the case that Juelfs was arguing she was entitled to interim assistance because she believed she was entitled to SSI benefits, but Juelfs's claim for State interim assistance was the claim denied by the agency and the subject of her appeal.

[4]     We recognize that an appeal from the third agency decision would be limited — the third decision dismissed Juelfs's ripe agency-level appeal for her failure to participate at a hearing.  Juelfs never received a final agency decision on the merits of the denial of her June 2012 interim assistance application.  But she nonetheless should be entitled to pursue her appeal if her reasons for filing late are sufficient to relax the appeal time limit.

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
FOURTH JUDICIAL DISTRICT AT FAIRBANKS

| | |
|---|---|
| JULIE JUELFS, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| STATE OF ALASKA, DEPARTMENT | ) |
| OF HEALTH & SOCIAL SERVICES, | ) |
| | ) |
| Appellee. | ) |
| | ) |

Case No. 4FA-13-02488 CI

**ORDER DENYING LATE-FILING OF ADMINISTRATIVE APPEAL[1]**

Appellant, Julie Ann Juelfs, is self-represented. The State is represented by Assistant Attorney General Alex Hildebrand in front of the Superior Court and Assistant Attorney General Kathryn Vogel in front of the Alaska Supreme Court.

**I.      Pending/Facts**

On August 17, 2015, the Alaska Supreme Court remanded *Juelfs v. State* for "consideration of Juelfs's initial request for acceptance of her late appeal of the Division's November 2012 decision, of the reasons expressed for that request, and of any prejudice to the Division that might arise from acceptance of Juelfs's late-filed appeal."

Juelfs started receiving Interim Assistance benefits (IA) in 2004 after applying for federal Supplemental Security Income (SSI). In 2009, the Social Security Administration (SSA) issued a final decision rejecting her application for federal benefits. She filed an objection to the denial. In October 2011, SSA informed the State

---

[1]      This order has been edited to conform with the Alaska Supreme Court's technical requirements.

that Juelfs' petition had been denied and she did not have any active cases with them. The State notified Juelfs that she would no longer be receiving IA. SSA also informed Juelfs that she had no active cases with them and that she had no further rights to an administrative appeal. In November 2011, Juelfs filed a reconsideration request with SSA that was promptly denied. She also requested a hearing challenging the cancellation of her IA.

In May 2012, the State upheld the termination of her IA. She appealed that decision. In June 2012, Juelfs filed a new application for IA. On July 16, 2012, she received notice that her new IA application was delayed until the State received her medical information. The following day, she requested a hearing. The State denied her request for a hearing, stating hearings are only available after a decision has been made or if the State is unreasonably delaying the process.

At some point between July 17, 2012 and September 10, 2012, Juelfs' June 2012 application for IA was denied. On September 10, 2012, she requested a hearing on the denial. A hearing was scheduled for October 4, 2012. She faxed a copy of the notice back to the State with a cover sheet. Juelfs "was reached by telephone at the appointed time for the hearing, but she stated that 'this is not a hearing for determining my disability' and terminated the connection." The State was not able to reestablish the connection. "The same day, the administrative law judge issued an order giving Ms. Juelfs until October 15, 2012 to show cause for failing to appear." She submitted three non-responsive documents and one that was non-responsive except for the statement "I answered your telephonic call @ 11:01 am 10/04/2012. A disability hearing was not scheduled, as were not food stamp issues that you previously discussed on the phone." On November 21, 2012, a denial of Ms. Juelfs' administrative appeal was

distributed. The denial included notice that she had 30 days to appeal the decision to the Superior Court.

On May 20, 2013, Juelfs sent a letter to the State discussing the case that referred to a failed attempt to appeal the decision to the Superior Court in February 2013. On June 25, 2013, the State responded to Juelfs' letter.

On August 21, 2013, Juelfs filed an appeal with the Superior Court. She requested IA benefits and for the Court to accept her late filing due to her communications with the State. On September 9, 2013, the State filed an opposition to the appeal and a request for clarification on which decision Juelfs was appealing. The State alleged that the appeal was not timely, and that there were multiple cases between Juelfs and the State so they were not sure what exactly she was appealing. On September 24, 2013, the Court held a status hearing. On October 3, 2013, Juelfs filed a notice that discussed a pending federal SSI case. On October 9, 2013, the Court issued an order denying the request for benefits and late acceptance and granting the motion for clarification. On November 7, 2013, Juelfs filed a clarification of which case she was appealing and cited to the order attached to the State's Opposition. On November 12, 2013, the Court issued a notice of intent to dismiss. On December 19, 2013, Juelfs filed her memorandum and response. On January 21, 2014, the Court issued an order dismissing the appeal on the grounds that it was untimely, was related to federal SSI benefits, and Juelfs did not attach a copy of the agency order she was appealing.

Juelfs appealed the order to the Alaska Supreme Court. On August 17, 2015, the Alaska Supreme Court remanded the case for "consideration of Juelfs's initial request for acceptance of her late appeal of the Division's November 2012 decision, of the reasons expressed for that request, and of any prejudice to the Division that might arise from acceptance of Juelfs's late-filed appeal." If this Court "decides that Juelfs' late-filed appeal should be allowed to proceed, jurisdiction shall automatically be

returned to the superior court. The [Alaska Supreme Court] otherwise retain[ed] jurisdiction."

## II. Findings of Fact and Conclusions of Law

The Court held an evidentiary hearing on October 7, 2015. Juelfs testified that her request for late filing was approved at an earlier proceeding in September of 2013. It appears that Juelfs has confused the Court's acceptance of the Division's late-filed opposition to her motion for acceptance of her late-filed appeal with an acceptance of her late-filed appeal. She also filed a memorandum in which she asserted that "the state agreed that the case should go forward on its merits and timeliness was not an issue." However, there is no evidence of such an agreement; in fact, the State argued at the hearing, attended telephonically by Juelfs, that the appeal was untimely and that it would be prejudiced if the Court allowed the late filing.

Alaska Rule of Appellate Procedure 602(a)(2) grants a party 30 days to appeal a final administrative decision. The relevant final administrative decision — including notice that Juelfs had 30 days to appeal the decision in the Alaska Superior Court — was distributed on November 21, 2012. Juelfs filed her appeal on August 21, 2013. There is some evidence that Juelfs attempted to appeal the decision in February 2013. On May 20, 2013, Juelfs attempted to re-open communication with the State about its denial of her requests for IA. On June 25, 2013, the State informed Juelfs that it was not going to change its decision.

### A. Basis of request for acceptance of late filed appeal

For the purposes of this order, the Court assumes without deciding that if Juelfs' attempt to appeal the decision in February 2013 was either timely or justifiably late, the 30-day time period for appealing the State's decision restarted on June 25, 2013. February 1, 2013 is 72 days after the State distributed its final decision. August 21, 2013 is 57 days after June 25, 2013.

At the evidentiary hearing, Juelfs conceded that she was aware that appeals had to be filed within 30 days. She testified that she did not timely file the appeal because she had some problems with her back, because two of her pets died, and because she had an elderly houseguest for two weeks in the summer of 2014 who needed special care. She also referenced waiting for information in other cases. The Court finds that none of these conditions would have prevented her filing a timely appeal.

In her initial motion to accept late filing, Juelfs argued that her case should be accepted late because "correspondence between parties continued through July, 2013" as she attempted to exhaust administrative remedies. There is no evidence of any correspondence between the parties about this case between November 21, 2012 and February 1, 2013. Nor is there any evidence of correspondence about this case between June 25, 2013 and August 21, 2013. At the end of the October 7, 2015 evidentiary hearing, Juelfs indicated that she had additional documentation to justify her late filing. However, despite this Court's order that she provide any additional documentation to support her position, and ample opportunity to do so, the Court has not received any additional documentation. The Court did receive a memorandum from Juelfs stating that timeliness is not an issue in this case and it should be decided on its merits.

The Court finds that her initial attempt to appeal the decision in February 2013 was not timely and the late filing was not justified. The Court also finds that, even if the clock restarted on June 25, 2013, her August 2013 appeal was not timely and the late filing was not justified. The Court further finds that no surprise or injustice would result from not allowing the appeal.

### B. Prejudice to the Division from acceptance of late-filed appeal

This Court was also ordered to address any prejudice to the State if the Court were to decide to accept the late-filed appeal.

At the hearing, the State presented the testimony of Jeffrey Miller, the Fair Hearing Representative for the Division of Public Assistance. Based on Miller's testimony, the Court finds that the Division would be prejudiced by allowing a late-filed appeal. The employee who reviewed the medical evidence leading up to the original decision in this case no longer works for the Division. As a result, a new review would have to be done. The medical information in the Division's file is stale, the file is archived, and the Division does not currently have a qualified medical reviewer. The new review would be time-consuming. The Fair Hearing Representative for this case also no longer works for the Division.

More generally, the Division has a strong interest in cases being resolved in a timely manner. It has a high case load, doesn't keep case files for more than a year, and the reliability and availability of witnesses decreases over time.

## III. Order

The Court finds that Ms. Juelfs' petition was not timely filed, the late filing was not justified, and not accepting Ms. Juelfs' late-filed appeal would not create an injustice or surprise. The Court also finds that the Division would be prejudiced if the late-filed appeal were accepted. The Court hereby orders that the request for acceptance of the late-filed appeal is DENIED.

DATED at Fairbanks, Alaska this _____ day of November, 2015.

_____/s/_____
Bethany S. Harbison
Superior Court Judge